IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50441
Conference Calendar
_____


ROBERT L. HUDGINS,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division;
MILINDA BOZARTH, Director,
TDCJ-PPD; SCOTT L. COMSTOCK, Warden,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-3
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Appellant Robert L. Hudgins, an inmate of the Lockhart Work

Facility (LWF), has appealed the dismissal of his 42 U.S.C.

§ 1983 civil rights action for failure to state a claim.  He

contends that he was entitled to be paroled after he served 180

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

days in LWF; and he contends that he has been denied rights to which he is entitled as a preparolee.

The district court did not err by dismissing the action, because Hudgins contends that he is entitled to be released from confinement. If an inmate "is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus." Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). Furthermore, "because [an inmate] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions" in a § 1983 civil rights action. Id. at 32.

Hudgins and appellees Collins and Bozarth question why Wayne Scott was substituted as an appellee in place of Collins. Rule 25(d), Fed. R. Civ. P., provides that when a public officer is a party to an action and while it is pending he ceases to hold that office, "the officer's successor is automatically substituted as a party."

JUDGMENT AFFIRMED.